**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KIMBERLY DENISE HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. CIV-20-175-RAW-KEW |
| ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Kimberly Denise Hill (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Claimant's Background

Claimant was 55 years old at the time of the ALJ's decision. She has a high school education and worked in the past as a shoe sales person and in the composite occupation of postal clerk, mail handler, and mail sorter. Claimant alleges an inability to work beginning on February 21, 2019, due to limitations resulting from cervical spine disorder, left shoulder disorder, carpal tunnel syndrome, osteoarthritis, depression, and anxiety.

## Procedural History

On July 17, 2018, Claimant filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Her application was denied initially and upon reconsideration. On December 19, 2019, ALJ

Elisabeth McGee conducted a hearing in Fort Smith, Arkansas, at which Claimant testified. On February 4, 2020, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on May 4, 2020, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481

### Decision of the Administrative Law Judge

The ALJ made her decision at steps four and five of the sequential evaluation. She determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform light work, with limitations.

### Errors Alleged for Review

Claimant asserts the ALJ committed error when evaluating her subjective complaints because the ALJ incorrectly determined that they were inconsistent with the evidence as a whole. She maintains that they support a finding for a more restrictive RFC.

### Evaluation of Subjective Complaints

In her decision, the ALJ found Claimant suffered from degenerative disc disease of the lumbar spine, degenerative joint disease of the cervical spine, bilateral ulnar sensory neuropathies, and obesity. (Tr. 12-13). She determined Claimant could perform light work with additional limitations. Claimant

4

could engage in frequent bilateral overhead reaching, frequent bilateral pushing and pulling with her upper extremities, and frequent bilateral handling and fingering. She could not work near hazards, including moving mechanical parts, and she could not work near unprotected heights, deep water, or open flames. (Tr. 15).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform her past relevant work as a shoe sales person and the composite job of postal clerk, mail handler, and mail sorter. (Tr. 19). Alternatively, the ALJ determined Claimant could perform the representative jobs of telephone solicitor, power screwdriver operator, injection molding machine tender, and cashier II, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 20-21). As a result, the ALJ concluded Claimant was not under a disability from June 15, 2015, through the date of the decision. (Tr. 21).

Claimant contends the ALJ improperly considered her subjective complaints. Specifically, she argues that although the ALJ determined her subjective complaints were inconsistent with the objective evidence of record, she also found that her subjective complaints were consistent with certain medical opinions in the record.

As part of her evaluation of Claimant's subjective symptoms, the ALJ noted the two-step process for the evaluation of symptoms set forth in Social Security Ruling 16-3p and the requirements

under 20 C.F.R. § 404.1529, including notation to specific factors to consider. (Tr. 15-16). The ALJ determined Claimant's medically determinable impairments could reasonably cause her alleged symptoms, but she found that Claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms were inconsistent and not supported by the evidence as a whole. (Tr. 16).

In making these determinations, the ALJ summarized Claimant's testimony and function reports in detail. She discussed several factors, including evidence of work activity in October of 2019, which showed Claimant and her husband cleaned a church once a week. Regarding her daily activities, the ALJ referenced Claimant's reports that she had no problems handling personal care tasks, could prepare simple meals, could do household chores such as laundry and washing dishes (with breaks and sometimes needing assistance), could go shopping two or three days a week, could handle money and bills, spent time with others, could follow written and spoken instructions, got along with family, friends, neighbors, and authority figures, and could lift ten to twenty pounds. (Tr. 16-17, 47-77, 237-44, 253-60, 508).

The ALJ also relied on inconsistencies between Claimant's subjective complaints and the objective medical findings. She discussed X rays of Claimant's lumbar spine from October of 2018, which revealed Claimant had degenerative changes and some bone

spurring, and X rays of her shoulders, which were normal. The ALJ noted that Claimant's physician did not indicate her condition resulted in any limitations or what extent they caused pain. (Tr. 17, 312-14). The ALJ referenced an X ray of Claimant's cervical spine from February of 2019, which showed only mild degenerative changes from 2012 and otherwise no acute abnormality. (Tr. 17, 357). When Claimant was examined by her physician in April of 2019, her neck was tender, and she had a thirty-percent range of motion limitation of her head and neck in all directions and mildly decreased sensation in her left arm and shoulder. At the same examination, Claimant exhibited normal gait, normal sensation in her right arm, full range of motion in her shoulders, elbows and wrists, no tenderness in her back, and a straight leg raise test negative bilaterally. (Tr. 17, 321). An MRI of her cervical spine from April of 2019 showed no significant cervical spine abnormality and minimal degenerative changes at the C6-C7 level. (Tr. 17, 327). Examinations of Claimant in June and August of 2019 revealed a normal range of motion in her neck. (Tr. 17, 339, 344). Although Claimant went to the emergency room for right shoulder pain in October of 2019, an X ray of her right shoulder was negative. (Tr. 17-1, 511-12, 516-17).

    Moreover, the ALJ relied upon on statements made by Claimant's physicians regarding the nature of her care and treatment. For example, in April of 2019, Claimant's physician recommended

conservative care, including prescription medication, taking hot showers twice daily, staying at light activity, and going to physical therapy. (Tr. 18, 321-22). In June of 2019, her physician indicated she did not need to consult a surgeon. He also noted Claimant had not been doing her home stretching exercises. (Tr. 18, 325). Claimant was counseled about her obesity in September of 2019, whereby her physician recommended daily exercise. (Tr. 18, 346).

After considering the evidence, the ALJ made the following determination regarding Claimant's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the [C]laimant's degenerative dis[c] disease of the lumbar spine, degenerative joint disease of the cervical spine, bilateral ulnar neuropathies and obesity limit her to work at the light exertional level. In addition, due to her pain and the effects of her obesity, she can frequently reach overhead bilaterally, push and pull with the bilateral upper extremities and bilaterally handle and finger. Furthermore, her pain, dizziness and other symptoms limit her to work with no hazards, such as moving mechanical parts, unprotected heights, deep water and open flames. However, the evidence as a whole does not support finding the [C]laimant to be more limited.

(Tr. 16).

When discussing the opinion evidence, the ALJ found the state medical consultants' opinions persuasive. When considering the opinions, the ALJ noted they were consistent with certain of Claimant's statements, including that she had problems sleeping, lifting, climbing stairs, and using her hands. They also were

consistent with her statements regarding her ability to lift. (Tr. 18-19, 98-100, 114-16). The ALJ also discussed the consulting physician's examination of Claimant in September of 2018. She specifically noted the physician did not impose any limitations on Claimant, but she found his objective findings persuasive to the extent they were based on a physical examination and observation. She found his findings consistent with Claimant's reported work activity and her other reported daily activities. (Tr. 19, 294-99).

Based upon the evidence as a whole and her subjective complaints, the ALJ reached the following conclusion:

> When the [C]laimant's subjective complaints are considered with the evidence as a whole, they are too inconsistent with the other evidence to support finding the [C]laimant to have a more restrictive [RFC]. Furthermore, the medical evidence of record does not lead to the conclusion that the [C]laimant is as limited as alleged. Lastly, the opinion evidence, as discussed above, is not persuasive with regard to finding the [C]laimant to have greater limitations than those in the [RFC].

(Tr. 19).

Deference must be given to an ALJ's evaluation of Claimant's pain or symptoms, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias*, 933 F.2d at 801. Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)

(quotation omitted). The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10. However, an ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence[,]" but he must set forth the specific evidence upon which he relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ's evaluation of Claimant's subjective complaints was linked to the evidence and included specific reasons for the weight given to Claimant's symptoms. This Court finds no error in the ALJ's assessment of Claimant's subjective complaints.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate

10

review of this decision by the District Court based on such findings.

DATED this 30th day of August, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

11